UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| HAROLD JEAN-BAPTISTE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 22-1420 (RC) |
| | : | | |
| v. | : | Re Document No.: | 25 |
| | : | | |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING DEFENDANTS' MOTION TO DISMISS

**I.  INTRODUCTION**

Plaintiff Harold Jean-Baptiste, proceeding *pro se*, filed the instant action against the Department of Justice ("DOJ"); Merrick B. Garland in his official capacity as the Attorney General of the United States; the Federal Bureau of Investigations ("FBI"); Christopher Wray in his official capacity as the Director of the FBI; and the Civil Process Clerk for the U.S. Attorney's Office for the District of Columbia (collectively, "Defendants").  Plaintiff raises a variety of allegations, asserting that the FBI has been monitoring Plaintiff's computer and phone in violation of the Fourth Amendment, interfering with potential employment opportunities, and attempting to get Plaintiff to violate federal law.  Plaintiff claims that the DOJ and the FBI are targeting Plaintiff based on his race and in violation of his civil and constitutional rights.  Defendants filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim.  For the reasons detailed below, the Court grants Defendants' motion to dismiss.

## II.  BACKGROUND

Plaintiff commenced this action on May 18, 2022.  Compl., ECF No. 1.  His original complaint outlines various allegations against the FBI, claiming that the agency has harassed and discriminated against Plaintiff in an "attempt[] to destroy [his] life."  *Id.* at 4–7.  On May 24, 2022, Plaintiff filed his first amended complaint ("FAC").  *See* FAC, ECF No. 3.  On September 28, 2022, Plaintiff filed a second amended complaint ("SAC").  *See* SAC, ECF No. 13.[1]

Plaintiff first alleges that, after he submitted a bid for a government contract with the city of Miami, the FBI contacted certain Miami government employees and asked them to select Plaintiff for the bid in the hopes that he "would lie to try violate Federal Laws [sic] to win the contract."  *Id.* ¶ 9.  Plaintiff next contends that the FBI monitored his computer and "sabotage[d] plaintiff's website . . . to prevent the plaintiff from have a [sic] commerce and generate revenue."  *Id.* ¶ 10.  Plaintiff then includes a litany of allegations about the FBI interfering with various job interviews by contacting his interviewers and telling them not to hire him.  *Id.* ¶¶ 11–18.  According to Plaintiff, he has "suffered discrimination and harassment in whole by the FBI . . . since August 1, 2020 [and has been] singled out for adverse treatment by FBI done under 'National Security Letters' . . . use to shield their violation of Federal Laws [sic]."  *Id.* ¶ 1.  In short, Plaintiff claims that the FBI has violated multiple federal statutes and the Fourth and Ninth Amendments of the United States Constitution.  *Id.* ¶¶ 22–30.  He seeks $100 million in punitive damages.  *Id.* at 13.

---

[1] The Court considers the SAC to be the operative complaint.  Although Defendants respond to the original complaint in their motion to dismiss, their arguments apply with equal force to the SAC, which does not differ substantially from the original complaint.

On February 28, 2023, Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.  Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mot.") at 5, 7, ECF No. 25.  In response, Plaintiff contends that Defendants' arguments are "just gobbledygook" and that his case should be allowed to proceed to discovery, considering the public interest of full judicial review.  *See* Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 2, 4, 7, ECF No. 29 (emphasis removed).

### III.  ANALYSIS

Because Plaintiff's complaint is patently insubstantial, the Court lacks subject matter jurisdiction over this case.  Complaints filed by *pro se* litigants are "construed liberally and [are] held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Lemon v. Kramer*, 270 F. Supp. 3d 125, 133 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  Nevertheless, "*pro se* plaintiffs retain the burden to establish that the Court has subject matter jurisdiction over their case."  *Church of Jesus Christ of Latter-Day Saints v. Trump*, No. 18-cv-2820, 2019 WL 11769175, at *1 (D.D.C. May 6, 2019), *aff'd sub nom. Xiu Jian Sun v. Trump*, No. 19-5197, 2020 WL 873534 (D.C. Cir. Feb. 14, 2020).  A complaint may be dismissed for lack of subject matter jurisdiction when the complaint is "patently insubstantial and thus presents no federal question suitable for decision."  *Id.* (quoting *Yi Tai Shao v. Roberts*, No. 18-cv-1233, 2019 WL 249855, at *15 (D.D.C. Jan. 17, 2019)) (cleaned up).  "Declining to hear a claim because it is patently insubstantial is 'reserved for complaints resting on truly fanciful *factual* allegations,' while '*legally* deficient complaints' are still reserved for 12(b)(6) dismissals."  *Yi Tai Shao*, 2019 WL 249855, at *15 (quoting *Vasaturo v. Peterka,* 203 F. Supp. 3d 42, 44 (D.D.C. 2016)) (emphasis in original).  To meet this standard, "claims must be flimsier than doubtful or questionable—they must be essentially fictitious."  *Id.* (quoting *Vasaturo,* 203 F.

Supp. 3d at 44) (cleaned up).  "Essentially fictitious claims include 'bizarre conspiracy theories, any fantastic government manipulations of the will or mind, and any sort of supernatural intervention.'"  *Id.* (quoting *Vasaturo,* 203 F. Supp. 3d at 44) (cleaned up).

Plaintiff's accusations rely solely on unsubstantiated theories about the FBI interfering with his life.  Plaintiff claims that he would be able to prove each of the assertions about the FBI interfering with his various job interviews by deposing the interviewers.  *See* SAC ¶¶ 12–18.  Yet he offers no evidence beyond his bare allegations—the sort of "bizarre conspiracy theories" and "clearly fanciful claims" that are "'so attenuated and unsubstantial as to be absolutely devoid of merit.'"  *Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)).

Assertions "of surveillance and harassment deriving from uncertain origins" like Plaintiff's have been dismissed by this Court and others in this District for patent insubstantiality.  *Williams v. Dep't of Health & Hum. Servs.*, No. 22-cv-1084, 2023 WL 2139367 (D.D.C. Feb. 21, 2023); *see also, e.g.*, *Tooley v. Napolitano*, 586 F.3d 1006, 1008 (D.C. Cir. 2009); *Curran v. Holder*, 626 F. Supp. 2d 30, 31 (D.D.C. 2009); *Lewis v. Bayh*, 577 F. Supp. 2d 47, 54–55 (D.D.C. 2008).  For example, in *Williams,* this Court dismissed a plaintiff's claim that the FBI and other government agencies had planted listening devices in her home and stalked her as part of a years-long investigation.  *See* 2023 WL 2139367, at *7.  Plaintiff's allegations regarding the FBI blocking his various employment opportunities, interfering with his website, and trying to set him up to commit fraud may be similarly characterized by the "common theme" underlying each of the cases listed above that were dismissed for patent insubstantiality: they are "not merely factually unsubstantiated, but factually fanciful to the point that they [are] 'essentially fictitious.'"  *Yi Tai Shao*, 2019 WL 249855, at *15 (quoting *Best*, 39 F. 3d at 330);

*see also Jean-Baptiste v. United States Dep't of Just.*, No. 23-cv-1054, 2023 WL 3736770, at *2 (D.D.C. May 31, 2023) (dismissing Plaintiff's unsubstantiated allegations that the FBI had blocked him from making securities trades on E*TRADE based on subject matter jurisdiction).

Moreover, and for the same reasons, Plaintiff's complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). When deciding a motion to dismiss, "the Court must . . . 'treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Elec. Privacy Info. Ctr. v. IRS*, 261 F. Supp. 3d 1, 5 (D.D.C. 2017) (internal quotation marks omitted) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). "But a plaintiff must put forth factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Church of Jesus Christ of Latter-Day Saints*, 2019 WL 11769175, at *2 (citation omitted and cleaned up).

Plaintiff does not provide factual support for his allegations in the SAC, providing nothing beyond the mere allegations that the FBI set up the Plaintiff to commit fraud, interfered with his website, and contacted any of his interviewers to prevent him from being hired. *See* SAC ¶¶ 9–18. Simply put, Plaintiff has not put forth any factual content from which the Court might draw the inference that Defendants are liable for the alleged misconduct. *See Church of Jesus Christ of Latter-Day Saints*, 2019 WL 11769175, at *2.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 7, 2023                                         RUDOLPH CONTRERAS
                                                                                       United States District Judge